1  GABRIEL M. HUEY, Bar No. 291608
   Gabriel.Huey@klgates.com
2  K&L GATES LLP
   10100 Santa Monica Blvd.
3  8th Floor
   Los Angeles, CA  90067
4  Telephone: 310.552.5000
   Fax No.:    310.552.5001
5

6
   Attorney for Defendants,
7  PACIFIC COAST SIGHTSEEING TOURS
   & CHARTERS, INC., COACH USA, INC.
8  AND MEGABUS WEST, LLC

9                    UNITED STATES DISTRICT COURT

10                  EASTERN DISTRICT OF CALIFORNIA

11
   TRACY WOODS, individually and        Case No.
12 on behalf of others similarly situated,
                                        *(Originally filed in County of Kern*
13              Plaintiff,              *Superior Court Case No.: BCV-24-*
                                        *100494)*
14       vs.
                                        **DECLARATION OF GABRIEL**
15 PACIFIC COAST SIGHTSEEING            **HUEY IN SUPPORT OF**
   TOURS & CHARTERS, INC.,             **DEFENDANTS PACIFIC COAST**
16 COACH USA, INC., MEGABUS            **SIGHTSEEING TOURS &**
   WEST, LLC, and DOES 1 through       **CHARTERS, INC., COACH USA,**
17 25, inclusive,                       **INC., AND MEGABUS WEST, LLC'S**
                                        **NOTICE OF REMOVAL TO**
18              Defendants.             **FEDERAL COURT**

19

20

21

22

23

24

25

26

27

28

# DECLARATION OF GABRIEL M. HUEY

I, Gabriel M. Huey, hereby declare and state as follows:

1.     I am a partner at the law firm of K&L Gates, counsel for Defendants COACH USA, INC., PACIFIC COAST SIGHTSEEING TOURS & CHARTERS, INC., and MEGABUS WEST, LLC ("Defendants") in the above-entitled matter.  I am duly licensed to practice law in the State of California and before the United States District Court for the Eastern District of California and am responsible for representing said Defendants in this action. Except where otherwise indicated, all of the information contained herein is based upon my personal knowledge and if called and sworn as a witness, I could and would competently testify thereto.

2.     Attached hereto as **Exhibit "A"** is a true and correct copy of the Complaint filed by Plaintiff against Defendants on February 13, 2024 in Kern County Superior Court in the matter of *Tracy Woods v. Pacific Coast Sightseeing Tours & Charters, Inc., et al.*, Case No. BCV-24-100494 and Summons received by Defendants.

3.     Attached hereto as **Exhibit "B"** are a true and correct copies of the Service Transmittal Summaries for each of the Defendants in the matter captioned *Tracy Woods v. Pacific Coast Sightseeing Tours & Charters, Inc., et al.*, No. BCV-24-100494 (Superior Court of the State of California, County of Kern).

4.     Attached hereto as **Exhibit "C"** are true and correct copies of the Notice of Assignment to Judge for All Purposes, Order to Show Cause, and Case Management Conference filed in the state court action and served upon Defendants.

5.     Attached hereto as **Exhibit "D"** is a true and correct copy of Defendants' Answer to Plaintiff's Unverified Complaint filed by Defendants in the state court action, on April 5, 2024.

6.     As of the date of this removal, it is my understanding that no other parties have been named or validly served in this matter. It is also my understanding that, as of the date of this removal, no other pleadings, process, or orders have been served upon

Defendants, or filed in the state court action, other than those attached hereto.

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct, and that this declaration was executed on April 5, 2024 at Los Angeles, California.

GABRIEL M. HUEY

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>PACIFIC COAST SIGHTSEEING TOURS &<br>CHARTERS INC, a Florida Corporation; COACH<br>USA, INC.; MEGABUS WEST, LLC, a Nebraska<br>Company, and DOES 1 THROUGH 25, inclusive, | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)*<br><br>ELECTRONICALLY FILED<br><br>2/14/2024 |
| **YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>TRACY WOODS, on behalf of herself and a class of others similarly situated, | Kern County Superior Court<br>By Julia Barrera, Deputy |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero o bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: Kern County Superior Court<br>*(El nombre y dirección de la corte es):*<br><br>1215 Truxtun Ave Bakersfield, CA 93301 | **CASE NUMBER:**<br>*(Número del Caso):*<br><br>BCV-24-100494 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Morris Nazarian. 1875 Century Park East, Suite 1790. Los Angeles, California 90067. Telephone: (310) 284-7333

| DATE:<br>*(Fecha)* 2/14/2024 | TARA LEAL | Clerk, by<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* COACH USA, INC

   under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 3.6.24

**Page 1 of 1**

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |
|---|---|---|

For your protection and privacy, please press the Clear
This Form button after you have printed the form.

| Print this form | Save this form | | Clear this form |
|---|---|---|---|



SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED

2/14/2024

Kern County Superior Court
By Julia Barrera, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

PACIFIC COAST SIGHTSEEING TOURS & CHARTERS INC, a Florida Corporation; COACH USA, INC.; MEGABUS WEST, LLC, a Nebraska Company, and DOES 1 THROUGH 25, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

TRACY WOODS, on behalf of herself and a class of others similarly situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: Kern County Superior Court
*(El nombre y dirección de la corte es):*

**CASE NUMBER:**
*(Número del Caso):*
BCV-24-100494

1215 Truxtun Ave Bakersfield, CA 93301

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Morris Nazarian. 1875 Century Park East, Suite 1790. Los Angeles, California 90067 Telephone: (310) 284-7333

DATE:
*(Fecha)* 2/14/2024          TARA LEAL          Clerk, By _____ , Deputy
                                                 *(Secretario)*              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* MEGABUS WEST, LLC

   under: ☐ CCP 416.10 (corporation)              ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* a Nebraska Company

4. ☒ by personal delivery on *(date):* 3.6.24

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

For your protection and privacy, please press the Clear
This Form button after you have printed the form.

[ Print this form ]   [ Save this form ]          [ Clear this form ]

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

PACIFIC COAST SIGHTSEEING TOURS &
CHARTERS INC, a Florida Corporation; COACH
USA, INC.; MEGABUS WEST, LLC, a Nebraska
Company, and DOES 1 THROUGH 25, inclusive,

</td><td>

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED

2/14/2024

</td></tr>
</table>

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

TRACY WOODS, on behalf of herself and a class of others similarly situated,

Kern County Superior Court
By Julia Barrera, Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

   *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is: Kern County Superior Court
*(El nombre y dirección de la corte es):*

1215 Truxtun Ave Bakersfield, CA 93301

</td><td>

CASE NUMBER:
*(Número del Caso):*

BCV-24-100494

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Morris Nazarian. 1875 Century Park East, Suite 1790. Los Angeles, California 90067.Telephone: (310) 284-7333

<table>
<tr><td>

DATE:
*(Fecha)*   2/14/2024

</td><td>TARA LEAL</td><td>Clerk, by
*(Secretario)*</td><td>, Deputy
*(Adjunto)*</td></tr>
</table>

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

<table>
<tr><td>

[SEAL]

</td><td>

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*   PACIFIC COAST SIGHTSEEING TOURS & CHARTERS INC

   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*  a Florida Corporation

4. ☒ by personal delivery on *(date):*  3.6.24

</td></tr>
</table>

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

For your protection and privacy, please press the Clear
This Form button after you have printed the form.
[Print this form]   [Save this form]   [Clear this form]


ELECTRONICALLY FILED
2/13/2024 8:00 AM
Kern County Superior Court
By Julia Barrera, Deputy

Morris Nazarian (SBN 230275)
**LAW OFFICES OF MORRIS NAZARIAN**
1875 Century Park East, Suite 1790
Los Angeles, California 90067
Telephone: (310) 284-7333
Facsimile: (310) 284-7332
Email: monazarian@yahoo.com

Attorneys for Plaintiff
**TRACY WOODS**

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF KERN

TRACY WOODS, on behalf of herself and a class of others similarly situated,

    Plaintiff,

vs.

PACIFIC COAST SIGHTSEEING TOURS & CHARTERS INC, a Florida Corporation; COACH USA, INC.; MEGABUS WEST, LLC, a Nebraska Company, and DOES 1 THROUGH 25, inclusive,

    Defendants.

CASE NO: BCV-24-100494

CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND RESTITUTION:

1. **FAILURE TO PAY WAGES FOR HOURS WORKED AND FOR OVERTIME WAGES;**

2. **COMPENSATION FOR REQUIRED MEAL PERIODS NOT PROVIDED**

3. **COMPENSATION FOR REQUIRED REST PERIODS NOT PROVIDED**

4. **FAILURE TO FURNISH TIMELY AND ACCURATE WAGE STATEMENTS**

5. **WAITING TIME PENALTIES;**

- 1 -

**CLASS ACTION COMPLAINT FOR DAMAGES**

6. **VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200, ET SEQ.;**

7. **PENALTIES PURSUANT TO LABOR CODE SECTION 2699.3, ET SEQ. (PAGA)**

[AMOUNT DEMANDED EXCEEDS $35,000.00]

**DEMAND FOR JURY TRIAL**

Plaintiff TRACY WOODS ("WOODS " or "PLAINTIFF") brings this class action on behalf of herself and other similarly situated current and former non-exempt employees in the State of California (hereinafter collectively referred to as "Class Members'") of Defendant PACIFIC COAST SIGHTSEEING TOURS & CHARTERS INC; COACH USA, INC.; MEGABUS WEST, LLC and other as of yet unnamed Defendants, Does 1 through 25, inclusive (collectively, "Defendants"), who are similarly situated, for violations of the California Labor Code.  Plaintiff reserves the right to name additional class representatives.  Plaintiff and Class Members seek damages, statutory penalties, attorneys' fees, statutory interest and costs of suit:

## JURISDICTION AND VENUE

1.   This Court has jurisdiction over the claims alleged herein. Plaintiff, and all or substantially all of the Class Members are citizens of California and Defendants do business in the State of California and the controversy in question arose in California. Defendants employ non-exempt employees and conduct business in Kern County, and each Defendant is within the jurisdiction of this Court for service of process purposes. The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within the State of California and within

- 2 -

**CLASS ACTION COMPLAINT FOR DAMAGES**

1    Kern County. Defendants employ numerous Class Members in California. Plaintiff asserts no

2    claims arising from federal law. Rather, Plaintiff brings causes of action solely on and arising

3    from California statutory and common law. The relief requested is within the jurisdiction of this

4    Court. The relief sought is less than $75,000 per class member.

**PARTIES**

5        2.    Defendant Coach USA, Inc. ("COACH") is one of the leading providers of ground

6    passenger transportation and mobility solutions in North America and the largest privately-

7    owned, U.S. based bus company in the country. With operations in 27 locations throughout the

8    United States and Canada and more than 3,000 employees and 2,250 buses, the Coach USA

9    network of companies carries over 38 million passengers throughout the United States and

10   Canada each year. See https://www.coachusa.com/about

11       3.    COACH is a business entity of unknown form. Plaintiff is informed and believed

12   and on that basis alleges that COACH is located at 2001 S. Manchester Avenue, Anaheim, CA

     92802, County of Orange.

13       4.    COACH also owns and operates Megabus West, LLC ("MEGABUS") which

14   provides     affordable,     express     bus     service     for     intercity     travel.     See

15   https://www.coachusa.com/about

16       5.    MEGABUS is a Nebraska Company with its principal place of business located at

17   2001 S. Manchester Avenue, Anaheim, CA 92802, County of Orange.

18       6.    Pacific Coast Sightseeing Tours & Charters Inc. (hereinafter "PACIFIC") is a

19   Florida Corporation with its principal place of business located at 2001 S. Manchester Avenue,

     Anaheim, CA 92802, County of Orange.

20       7.    Defendant COACH, MEGABUS, PACIFIC and DOES 1 through 25 are hereinafter

21

22                                            - 3 -

23

collectively referred to as "Defendants".

8.   Defendant PACIFIC, COACH, MEGABUS and some of Does 1 through 25 directly employed or exercised control over the wages, hours, or working conditions of the Plaintiff.

9.   Plaintiff is informed and believes, and on that basis alleges, that at all times relevant herein, Defendant PACIFIC, COACH, MEGABUS and some of Does 1 through 25 were the agents, employees, and/or servants, masters, or employers of the remaining DOES 1 through 25, and in doing the things herein alleged, were acting within the course and scope of such agency or employment, and with the approval and ratification of each of the other Defendants.

10.  Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 25, inclusive, and therefore sue these defendants by such fictitious names and capacities.   Plaintiff will amend this Complaint to show their true names and capacities when they have been ascertained.  Plaintiff is informed and believes and thereon allege that at all times relevant, Defendants, and each of these fictitiously named DOE defendants either owned, controlled, or managed the business for which Plaintiff worked and/or who directly or indirectly exercised operational control over the wages, hours, and working conditions of Plaintiff.  These DOES held ownership, officer, director and/or executive positions with the remaining Defendants, and acted on behalf of the remaining Defendants, which included decision-making responsibility for, and establishment of, illegal payroll practices and policies for Defendants which have damaged Plaintiff and others similarly situated.  Therefore, DOES 1 through 25, in addition to the remaining Defendants, are "employers" as a matter of law and personally liable on the causes of action alleged herein.

11.  Plaintiff is informed and believe, and on that basis allege, that Defendants DOES 1 through 25 are, and at all times relevant hereto were, persons, corporations or other business

- 4 -

**CLASS ACTION COMPLAINT FOR DAMAGES**

entities organized and existing under and by virtue of the laws of the State of California, and are/were qualified to transact and conduct business in the State of California, and did transact and conduct business in the State of California, and are thus subject to the jurisdiction of the State of California.   Specifically, DOES 1 through 25 maintain offices, operate businesses, employ persons, conducts business in, and illegally pay employees by illegal payroll practices and policies in Kern County.

12.  Plaintiff is informed and believes, and on that basis allege, that each of the fictitiously named defendants aided and assisted the named defendants in committing the wrongful acts alleged herein, and that Plaintiff's damages were proximately caused by each defendant.

13.  Plaintiff is informed and believes, and on that basis alleges, that at all times herein mentioned, one or more of each named and/or unnamed defendant(s) was in some fashion, by contract or otherwise, the successors, assigns, joint venturers, co-venturers or partners of one or more of the remaining named and/or unnamed defendant(s), and as hereinafter alleged, was acting within that capacity.

14.  Plaintiff is informed and believes, and on that basis alleges, that at all times herein mentioned, one or more of each unnamed defendant(s) was in some fashion, by contract or otherwise, the assured, insured, indemnitor, guarantor of one or more of the remaining named and/or unnamed defendant(s) for the acts alleged herein and was acting within that capacity.

15.  Plaintiff is informed and believes, and on that basis alleges, that at all times herein mentioned, one or more of each named and/or unnamed defendant(s) was the alter-ego of one or more of the remaining named and/or unnamed defendant(s), and as hereinafter alleged, was acting for their own benefit and/or the benefit of one or more of the remaining named and/or

-5-

**CLASS ACTION COMPLAINT FOR DAMAGES**

1  unnamed defendant(s).

2      16.  Defendants employed Plaintiff and similarly situated persons within the State of

California. Defendants employed Plaintiff and the putative class as non-exempt employees at

3  each of its locations in California.

4      17.  Plaintiff is informed and believes and on such grounds alleges that at all times herein

5  mentioned Defendants were and are doing business throughout California, and are "persons" as

6  defined in California Labor Code Section. In addition, Defendants are "employers" as that term

7  is used in the California Labor Code and the California Industrial Welfare Commission's Orders

8  regulating wages, hours, and working conditions

9      18.  Members of the plaintiff class are all either currently employed by Defendants or

10  they are former employees of Defendants.  Members of the plaintiff class either reside in or

engage in business throughout the State of California. Plaintiff and the plaintiff class may

11  hereinafter sometimes be collectively referred as "Plaintiffs".  Plaintiffs were employed by

12  Defendants in the state of California as non-exempt hourly paid employees who rendered actual

13  service for Defendants for wages or pay within the period beginning four years prior to the filing

14  of the Complaint to the present

15      19.  As a direct and proximate result of the unlawful acts of Defendants, Plaintiff has

16  suffered and continues to suffer from loss of earnings in amounts as yet unascertained, but

17  subject to proof at trial.

18                 **FACTUAL BACKGROUND**

19      20.  Plaintiff TRACY WOODS was, at all relevant times, a citizen of the State of

California, residing in Kern County, California. Plaintiff was employed by Defendants as a bus

20  driver from June 2022 through March 2023. At all times during her employment with

21

22                        - 6 -

23

Defendants, Plaintiff was classified as a non-exempt employee paid on an hourly basis.

21. During the Class Period, Defendants did not accurately record and pay Plaintiff and the Class Members for their hours worked. Defendants systematically, unlawfully and unilaterally failed to accurately record all time worked by the Plaintiff and the Class Members who were required to remain on-call or on controlled standby when there was a layover, in order to avoid paying these employees the applicable regular and overtime compensation, including time spent on regular on-call hours (and overtime hours generated by those on-call hours). As a result, Plaintiff and the Class Members forfeited hours worked as well as compensation for other hours worked at overtime rates, by regularly working without their time being accurately recorded and without compensation. Defendants' uniform policy and practice to not pay Class Members for all hours worked is evidenced by Defendants' business records and policies.

22. Defendants required Plaintiff to clock out during the period of time Plaintiff was required to remain on-call or on standby during a layover.

23. At all times during Plaintiff's employment, Plaintiff was required to remain on-call or on standby during a layover. Plaintiff was either required to stay on the bus while on standby or was required to stay close to the employer's bus so that she cannot use the time spent while on standby to conduct her own business. However, Plaintiff was not compensated any wages during the period of time Plaintiff was required to remain on-call or on standby during a layover.

24. These restrictions so limited these employees' freedoms during the on-call time that they were effectively under Defendants' control, and should have been paid for the time, but were not. As a result of not being paid at all for this time, some Class Members also failed to receive overtime pay when they should have (because the on-call hours, added to the time of the shift worked, would have bumped some of that time to an overtime rate).

-7-

25.  In violation of the applicable sections of the California Labor Code and the requirements of the applicable Industrial Welfare Commission ("IWC") Wage Order, Defendants, as a matter of corporate policy, practice and procedure, intentionally, knowingly and systematically failed to pay Plaintiff and Class Members for their on-call hours.

26.  These uniform policies and practices of Defendants (failure to provide compensation for on-call time) were intended to purposefully avoid the payment of compensation as required by California law, which allowed Defendants to illegally profit and gain an unfair advantage over competitors who complied with the law.

27.  During the class period, Defendants required Plaintiff and Plaintiff class members to work in excess of 10 hours in a workday without taking a second statutory meal period and failed to pay Plaintiff and the putative class members an hour's pay in lieu thereof.

28.  During the class period, Defendants required the Plaintiff and Plaintiff class members to work without taking statutory rest periods and failed to pay putative class members an hour's pay in lieu thereof.

29.  Defendants also failed to provide Plaintiff and the Class Members with complete and accurate wage statements, which were inaccurate because they failed to show, among other things, the number of hours worked, because on-call time was excluded.  These wage statements also failed to show overtime at overtime rates of pay for hours that should have been paid at overtime rates had any of these sorts of time been compensated.

30.  By reason of this uniform conduct applicable to Plaintiff and Class Members, Defendants violated the Labor Code and the applicable IWC Wage Order and committed acts of unfair competition in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL").

- 8 -

**CLASS ACTION COMPLAINT FOR DAMAGES**

31. In approximately March 2023, Defendants terminated Plaintiff's employment. Plaintiff was not timely paid compensation due and owing, including but not limited to with each pay check and upon termination or resignation, in violation of the California Labor Code and IWC, including without limitation Labor Code Sections 201-203.

32. Because of Defendants' failure to pay Plaintiff and Waiting Time Class Members the correct regular and overtime wages, wages for missed meal and rest breaks, Defendants failed to pay all wages due to Plaintiff and Waiting Time Class Members upon their separation from Defendants' employ. To date, Defendants have not paid these employees all the wages owed and have also failed to pay any penalty wages owed to them in violation of Labor Code Section 203, making Plaintiff an adequate representative of the Waiting Time Class.

## CLASS DEFINITIONS AND CLASS ALLEGATIONS

33. Plaintiff brings this action under Code of Civil Procedure § 382 on behalf of herself and all other similarly situated employees of Defendants who were affected by Defendants' Labor Code, Business and Professions Code §§ 17200 *et seq.*, and IWC Wage Order violations.

34. Plaintiff seeks to represent a class and subclass composed of and defined as follows

**Unpaid Wage Class**

All individuals who are or previously were employed by Defendants in California, classified as non-exempt employees paid on an hourly basis, and were required to remain on-call or on standby during at least one layover at any time during the Class Period

**Meal Break Class**

All individuals who are or previously were employed by Defendants in California, classified as non-exempt employees paid on an hourly basis, and All current and former non-exempt employees of Defendants within the State of California at any time

-9-

commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class who worked for Defendants during the Class Period and who worked shifts of 10 hours or more and were not provided lawful meal breaks.

**Rest Break Class**

All current and former non-exempt employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class who worked for Defendants during the Class Period and who worked shifts of 4 hours or more and were not provided lawful rest breaks.

**Itemized Statement Class**

All current and former employees of Defendants within the State of California, to whom, at any time commencing one (1) year preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class, were provided with inaccurate wage statements.

**Waiting Time Class**

All Defendants' hourly paid non-exempt employees who were employed in California, from the period of 4 years prior to the commencement of this action until the date of trial, who separated from their employment from Defendants by way of voluntary or involuntary discharge, and to whom the Defendants knowingly failed to timely pay all wages due to said employees.

41.  Plaintiff reserves the right to amend or modify the class and subclass descriptions with greater specificity or further division into subclasses or limitation to particular issues

- 10 -

1    pursuant to Rule 1855(b), California Rules of Court and/or under California Rules of Court Rule

2    3.765(b).

3        42.  Pursuant to section 382 of the Code of Civil Procedure, this action qualifies as a

4    class action because there is a well-defined community of interest in the litigation and the

5    proposed Class is easily ascertainable.

6        43.  **Numerosity.**  (Code Civ. Proc., § 382.)  The potential members of the Class as

     defined are so numerous that joinder of all the members of the Class is impracticable. While the

7    precise number of Class Members has not been determined at this time, Plaintiff is informed and

8    believes that there are over one hundred Class Members employed by Defendants within the

9    State of California.

10       44.  Accounting for employee turnover during the relevant periods necessarily increases

11   this number substantially. Plaintiff alleges Defendants' employment records would provide

12   information as to the number and location of all Class Members. Joinder of all members of the

13   proposed Class is not practicable

14       45.  **Commonality.** There are questions of law and fact common to Class Members.

     These common questions include, but are not limited to:

15

16           a.  Did Defendants violate the Applicable Wage Order and/or Labor Code

                 sections 1197, 1198 [Minimum Wage Violations] and sections 510 [Overtime

17               Violations] by not compensating Class Members minimum wages and/or

18               overtime due for all hours class members were on standby or on-call during

19               layovers

20           b.  Did Defendants violate Labor Code sections 1194, 1198 and 510, 558 by not

21               compensating Class Members overtime wages due to misclassifying Class

22                                          - 11 -

23

Members as personal attendants.

c.   Are Class Members entitled to minimum wage under Labor Code 1194?

d.   Are Class Members entitled to Liquidated Damages under Labor Code 1194.2?

e.   Are Defendants subject to a civil penalty under Labor Code 1197.1?

f.   Are Defendants subject to a civil penalty under Labor Code 558?

g.   Did Defendants violate Labor Code sections 226.7, 512 and applicable Wage Orders by not providing the Class Members meal periods for shifts greater than ten (10) hours by failing to relieve employees of all duty, relinquish control over their activities and permit a reasonable opportunity to take an uninterrupted 30-minute break and not paying them an additional hour's of pay in lieu thereof?

h.   Did Defendants violate Labor Code sections 226.7 and applicable Wage Orders by not providing the Class Members rest periods for shifts greater than 3.5 hours by failing to relieve employees of all duty, relinquish control over their activities and permit a reasonable opportunity to take an uninterrupted 10-minute break and not paying them an additional hour's of pay in lieu thereof?

i.   Did Defendants violate Labor Code§§ 201 and 202 by failing to pay Class Members upon termination or resignation all wages earned?

j.   Are Defendants liable to Class Members for penalty wages under Labor

**CLASS ACTION COMPLAINT FOR DAMAGES**

Code§ 203?

k.  Did Defendants violate Labor Code§ 226(a) by not furnishing Class Members with accurate wage statements?

l.  Did Defendants violate the Unfair Competition Law, Business and Professions Code § 17200, *et seq.,* by its unlawful practices as alleged herein?

m.  Are Class Members entitled to restitution of penalty wages under Business and Professions Code § 17203?

n.  Are Class Members entitled to costs and attorneys' fees?

o.  Are Class Members entitled to interest?

p.  The nature of the equitable relief to which the Class members are entitled.

q.  Is injunctive relief appropriate to ensure Defendants' compliance with the requirements of the Labor Code with respect to members of the Class who are still currently employed by Defendants?

46.  **Typicality of claims.**  The claims of Plaintiff herein alleged are typical of those claims which could be alleged by other members of the classes, and the relief sought is typical of the relief which would be sought by each of the members of the classes in separate actions. Plaintiff and other members of the Classes sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged herein..

47.  **Adequacy of Representation.**  Plaintiff will fairly and adequately protect the interests of the Class Members and has no interests adverse to those of the Class Members.

1    Plaintiff has retained qualified counsel experienced in class action practice.

2          48.  **Superiority**. A class action is superior to other available means for fair and efficient

3    adjudication of the claims of the Class and would be beneficial for the parties and the Court.

4    Class action treatment will allow a large number of similarly situated persons to prosecute their

     common claims in a single forum, simultaneously, efficiently, and without the necessary

5    duplication of effort and expense that numerous individual actions would require. The damages

6    suffered by each Class member are relatively small in the context of a class action analysis, and

7    the expense and burden of individual litigation would make it extremely difficult or impossible

8    for the individual Class members to seek and obtain individual relief. A class action will serve

9    an important public interest by permitting such individuals to effectively pursue recovery of the

10   sums owed to them. Further, class litigation prevents the potential for inconsistent or

11   contradictory judgments raised by individual litigation.

12                          **CLAIMS FOR RELIEF**

13                          **FIRST CAUSE OF ACTION**

14                          **FAILURE TO PAY WAGES**
     **(By Plaintiff on Behalf of the Unpaid Wage Class Against All Defendants and DOES 1**
15                          **through 25 Inclusive)**

16         49.  Plaintiff and the Unpaid Wage Class re-allege and incorporate by this reference, as

     though fully set forth herein, the above paragraphs of this complaint.

17         50.  Plaintiff and Class Members bring a claim for Defendants' willful and intentional

18   violations of the California Labor Code and the Industrial Welfare Commission requirements for

19   Defendants' failure to compensate the Class Members for the hours worked while subject to

20   remain on call or on standby during layovers.

21         51.  Cal. Lab. Code §§ 1194 and 1197 establish an employee's right to recover unpaid

22                          - 14 -

23

wages, including minimum wages and overtime compensation, along with interest thereon and attorneys' fees and costs of suit. Cal. Lab. Code § 1198 further states that the employment of an employee for longer hours that those fixed by the wage orders or under labor conditions prohibited by the wage orders is unlawful.

52. Cal. Lab. Code § 510 further provides that employees in California shall not be employed more than eight (8) hours per workday and forty (40) hours per workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

53. Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

54. Defendants maintained a uniform wage practice of paying the Plaintiff and the Class Members without regard to the true number of hours they worked. As set forth herein, Defendants' uniform policy and practice was to unlawfully and intentionally deny timely payment of wages due for the actual number of hours worked by the Plaintiff and the Class Members subject to remain on call or on standby during layovers, and to fail to pay wages at the proper overtime rates where those shifts resulted in overtime hours worked.

55. As a direct result of Defendants' unlawful wage practices as alleged herein, Plaintiff and the Class Members did not receive proper compensation for all hours worked.

56. During the Class Period, Plaintiff and the Class Members worked more hours than they were paid for and/or were paid less for overtime hours worked that they are entitled to, constituting a failure to pay all earned wages.

57. By virtue of Defendants' unlawful failure to accurately pay all earned compensation to Plaintiff and the Class Members for the true number of hours they worked, Plaintiff and the Class Members have suffered and will continue to suffer an economic injury in amounts which

- 15 -

**CLASS ACTION COMPLAINT FOR DAMAGES**

are presently unknown to them and which will be ascertained according to proof at trial.

58.  Plaintiff and the Members of the Unpaid Wage Class therefore request recovery of all unpaid wages, including regular and overtime wages, liquidated damages, according to proof, interest, statutory costs and fees, as well as the assessment of any statutory penalties against Defendants in a sum as provided by the California Labor Code and/or applicable statutes.

59.  Pursuant to Labor Code section 558.1, the Individual Defendants, who are owners, directors, officers, or managing agents of the Corporate Defendants, may be held liable as the employer for such violation since Plaintiff is informed and believes and on that basis alleges that Individual Defendants are acting on behalf of the Corporate Defendants and caused the labor codes alleged in this cause of action to be violated.

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL BREAKS
**(By Plaintiff on Behalf of the Meal Break Class Against All Defendants and DOES 1 through 25 Inclusive)**

60.  Plaintiff and the Meal Break Class re-allege and incorporate by this reference, as though fully set forth herein, the above paragraphs of this complaint.

61.  Labor Code sections 226.7, 512, and the IWC Wage Orders, ¶12(B) requires defendants to provide employees all meal and rest periods specified in the applicable Wage Orders.  These laws and regulations further entitle employees to be paid one additional hour of pay per day at their regular rate of compensation for each day of denied rest period and/or meal period during the relevant statutory period.

62.  The Wage Orders further provide that "No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal

**CLASS ACTION COMPLAINT FOR DAMAGES**

period maybe waived by mutual consent of the employer and employee... An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived... Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked. An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to."

63. At all times during Plaintiff's employment with Defendants, Plaintiff was not provided an off-duty meal break when she worked at least ten hours in a workday. Plaintiff was not relived of all duties during her second meal break.

64. At all times during Plaintiff's employment with Defendants, Defendants did not compensate Plaintiff one additional hour of pay at Plaintiff's regular rate of pay for each day a lawful off-duty meal break was not provided.

65. Plaintiff and the members of the Meal Break Class are entitled to recover one additional hour of pay at their regular rate of compensation with Defendants for each work day that a lawful off-duty meal period was not provided.

66. Pursuant to Labor Code section 558.1, the Individual Defendants, who are owners, directors, officers, or managing agents of the Corporate Defendants, may be held liable as the employer for such violation since Plaintiff is informed and believes and on that basis alleges that Individual Defendants are acting on behalf of the Corporate Defendants and caused the labor

**CLASS ACTION COMPLAINT FOR DAMAGES**

codes alleged in this cause of action to be violated.

## THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE REST BREAKS
**(By Plaintiff on Behalf of the Rest Break Class Against All Defendants and DOES 1 through 25 Inclusive)**

67.  Plaintiff and the Rest Break Class re-allege and incorporate by this reference, as though fully set forth herein, the above paragraphs of this complaint.

68.  The California Industrial Welfare Commission Wage Orders requires that employers permit nonexempt employees to take a rest period that must, insofar as practicable, be taken in the middle of each work period.  The rest period is based on the total hours worked daily and must be at the minimum rate of a net ten consecutive minutes for each four hour work period, or major fraction thereof.

69.  Pursuant to Labor Code section 226.7, if an employer fails to provide an employee a rest period in accordance with an applicable IWC Order, the employer shall pay the employee one additional hour of pay at the employee's regular rate of pay for each workday that the rest period is not provided.

70.  The provisions of IWC Orders state that the rest period is defined as a "net" ten minutes, which means that the rest period begins when the employee reaches an area away from the work area that is appropriate for rest.  Furthermore, employers are required to provide suitable resting facilities that shall be available for employees during working hours in an area separate from the toilet rooms.

71.  At all times during Plaintiff's employment with Defendants, Plaintiff was not permitted to take lawful ten-minute rest breaks during her shifts.

72.  At all times during Plaintiff's employment with Defendants, Defendants did not

- 18 -

**CLASS ACTION COMPLAINT FOR DAMAGES**

1  compensate Plaintiff one additional hour of pay at Plaintiff's regular rate of pay for each day a

2  lawful rest break was not provided.

3  73.  Pursuant to California Labor Code section 226.7, Plaintiff and members of the Rest

4  Break Class are entitled to recover one additional hour of pay at his regular rate of compensation
   with Defendants for each day that the rest periods were not provided.

5  74.  Pursuant to Labor Code section 558.1, the Individual Defendants, who are owners,

6  directors, officers, or managing agents of the Corporate Defendants, may be held liable as the

7  employer for such violation since Plaintiff is informed and believes and on that basis alleges that

8  Individual Defendants are acting on behalf of the Corporate Defendants and caused the labor

9  codes alleged in this cause of action to be violated.

10  ## FOURTH CAUSE OF ACTION

11  **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**
    **(By Plaintiff on Behalf of the Itemized Statement Class Against All Defendants and DOES
    1 through 25 Inclusive)**

12  75.  Plaintiff and the Itemized Statement Class re-allege and incorporate by this

13  reference, as though fully set forth herein, the above paragraphs of this complaint.

14  76.  Cal. Lab. Code § 226 provides that an employer must furnish employees with

15  an "accurate itemized" statement in writing showing:

16  (1) Gross wages earned,

17  (2) Total hours worked by the employee, except for any employee whose compensation

18  is solely based on a salary and who is exempt from payment of overtime under

19  subdivision (a) of Section 515 or any applicable order of the Industrial Welfare
    Commission,

20  (3) The number of piece-rate units earned and any applicable piece rate if the employee

21  is paid on a piece-rate basis,

22

- 19 -

**CLASS ACTION COMPLAINT FOR DAMAGES**

23

(4) All deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

(5) Net wages earned,

(6) The inclusive dates of the period for which the employee is paid,

(7) The name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,

(8) The name and address of the legal entity that is the employer, and

(9) All applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

77.  At all times relevant herein, Defendants violated Cal. Lab. Code §226 in that Defendants failed to provide written wage statements that properly and accurately itemized the number of hours worked by Plaintiff and the Class Members at the effective regular rates of pay and the effective overtime rates and the gross and net wages earned by Plaintiff and Class Members.

78.  Defendants knowingly and intentionally failed to comply with Cal. Lab. Code § 226, causing injury and damages to the Plaintiff and the Class Members. These damages include, but are not limited to, costs expended calculating the true hours worked and wages earned. These damages are difficult to estimate. Therefore, Plaintiff and the Class Members may elect to recover penalties of fifty dollars ($50.00) for the initial pay period in which the violation occurred and one hundred dollars ($100.00) for each violation in a subsequent pay period pursuant to Cal. Lab. Code § 226 (but in no event more than four thousand dollars ($4,000.00) for the Plaintiff and each respective Class Member).

- 20 -

**CLASS ACTION COMPLAINT FOR DAMAGES**

79.  Pursuant to Labor Code section 558.1, the Individual Defendants, who are owners, directors, officers, or managing agents of the Corporate Defendants, may be held liable as the employer for such violation since Plaintiff is informed and believes and on that basis alleges that Individual Defendants are acting on behalf of the Corporate Defendants and caused the labor codes alleged in this cause of action to be violated.

### FIFTH CAUSE OF ACTION

**FAILURE TO PAY WAGES UPON SEPARATION OF EMPLOYMENT**
**(By Plaintiff on Behalf of the Waiting Time Class Against All Defendants and DOES 1 through 25 Inclusive)**

80.  Plaintiff, and the Waiting Time Subclass Members, re-allege and incorporate by reference, as though fully set forth herein, the above paragraphs of this complaint.

81.  Cal. Lab. Code § 200 provides that:

As used in this article:

    a.  "Wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, Commission basis, or other method of calculation.

    b.  "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment.

82.  Cal. Lab. Code § 201 provides, in relevant part, that "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

83.  Cal. Lab. Code § 202 provides, in relevant part, that:

- 21 -

**CLASS ACTION COMPLAINT FOR DAMAGES**

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

84. Cal. Lab. Code § 203 provides:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 202.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

85. The employment of the Waiting Time class Members, including Plaintiff, has terminated, and Defendants have not tendered payment of all wages owed as required by law. Defendants willfully and intentionally failed to pay the unpaid regular and overtime wages, wages for missed meal and rest breaks, alleged herein to Plaintiff and Waiting Time Class Members, in violation of the California Labor Code §§ 201 & 202.

86. Therefore, as provided by Cal. Lab. Code § 203, on behalf of herself and the Waiting Time Class Members, Plaintiff demands thirty days of pay as penalty for not paying all wages due at time of separation and demands an accounting and payment of all wages due, plus interest and statutory costs as allowed by law.

87. Pursuant to Labor Code section 558.1, the Individual Defendants, who are owners, directors, officers, or managing agents of the Corporate Defendants, may be held liable as the employer for such violation since Plaintiff is informed and believes and on that basis alleges that

- 22 -

Individual Defendants are acting on behalf of the Corporate Defendants and caused the labor codes alleged in this cause of action to be violated.

## SIXTH CAUSE OF ACTION

### UNFAIR COMPETITION
**(By Plaintiff on Behalf of Class Members Against All Defendants and DOES 1 through 25 Inclusive)**

88.   Plaintiff and the Class Members re-allege and incorporate by this reference, as though fully set forth herein, the above paragraphs of this complaint.

89.   Defendants are a "person" as that term is defined under Cal. Bus. & Prof. Code § 17201.

90.   The UCL defines unfair competition as any unlawful, unfair, or fraudulent business act or practice. Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

Cal. Bus. & Prof. Code § 17203.

91.   By the conduct alleged herein, Defendants have engaged and continue to engage in business practices that violate California law, including but not limited to, the applicable IWC Wage Order, the California Code of Regulations, and the California Labor Code, including Sections 201, 202, 203, 204, 510, 558, 226, 226.7, 512, 1194 & 1198, for which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. &

**CLASS ACTION COMPLAINT FOR DAMAGES**

1    Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute

2    unfair competition, including restitution of wages wrongfully withheld.

3         92.    Defendants' practices are substantially injurious to employees and are without

     valid justification or utility for which this Court should issue equitable and injunctive relief

4    pursuant to Section 17203 of the California Business & Professions Code, including

5    restitution of wages wrongfully withheld.

6         93.    By and through the unlawful and unfair business practices described herein,

     Defendants have obtained valuable property, money and services from Plaintiff and the other

7    Class Members, including earned wages for all hours worked while performing their on-call

8    shifts, and has deprived them of valuable rights and benefits guaranteed by law, all to the

9    detriment of these employees and to the benefit of Defendants so as to allow Defendants to

10   unfairly compete against competitors who comply with the law.

          94.    All the acts described herein as violations of, among other things, the Industrial

11   Welfare Commission Wage Orders, the California Code of Regulations and the California

12   Labor Code, are unlawful and in violation of public policy, or are unethical, oppressive,

13   unscrupulous, or deceptive, and thereby constitute unlawful, unfair and deceptive business

     practices in violation of the UCL.

14        95.    Plaintiff and the other Class Members are entitled to and do seek such relief as

15   may be necessary to restore them the money and property which Defendants have acquired,

16   or of which the Plaintiff and the other Class Members have been deprived, by means of the

     above described unlawful and unfair business practices, including earned but unpaid wages

17   for all hours worked.

18        96.    Plaintiff and the Class Members are further entitled to, and do, seek a

19   declaration that the described business practices are unlawful, unfair and deceptive, and that

20   injunctive relief should be issued restraining Defendants from engaging in any unlawful and

     unfair business practices in the future.

21

22                                          - 24 -

23

97.   Plaintiff and the other Class Members have no plain, speedy and/or accurate remedy at law that will end the unlawful and unfair business practices of Defendants. Further, the practices herein alleged presently continue to occur unabated. As a result of the unlawful and unfair business practices described herein, Plaintiff and the other Class Members have suffered and will continue to suffer irreparable legal and economic harm unless Defendants are restrained from continuing to engage in these unlawful and unfair business practices.

## SEVENTH CAUSE OF ACTION

**REPRESENTATIVE CLAIM FOR ENFORCEMENT OF PRIVATE ATTORNEYS
GENERAL ACT OF 2004
(Against All Defendants and DOES 1 through 25, Inclusive)**

98.   Plaintiff re-alleges and incorporates by this reference, as though fully set forth herein, the above paragraphs of this complaint.

99.   Pursuant to Labor Code § 2699(a), any provision of the Labor Code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency ("LWDA") or any of its departments, divisions, commissions, boards, agencies or employees for violation of the code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Labor Code § 2699.3.

100.   For all provisions of the Labor Code except those for which a civil penalty is specifically provided, Labor Code § 2699(f) imposes upon Defendants a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent pay period in which Defendants violated these provisions of the Labor Code.

101.   Defendants' conduct violates numerous Labor Code sections including, but not limited to, the following:

- 25 -

1   a. Violation of Labor Code §§ 510, 1194, 1197 and 1198 for failure to pay wages for

2     hours worked and failure to pay overtime wages;

3   b. Violation of Labor Code §§ 226.7 and 512 for failure to provide meal breaks;

   c. Violation of Labor Code §§ 226.7 for failure to provide rest breaks;

4   d. Violation of Labor Code §§ 201, 202, 203 and 204 for failure to timely pay all

5     earned wages owed to Plaintiffs and other aggrieved employees during

6     employment and upon separation of employment as herein alleged; and

   e. Violation of Labor Code § 226 for failure to provide accurate itemized wage

7     statements to Plaintiffs and other aggrieved employees as herein alleged; and

8   102. Further, Labor Code § 558(a) provides "any employer or other person acting on

9 behalf of an employer who violates, or causes to be violated, a section of this chapter or any

10 provisions regulating hours and days of work in any order of the IWC shall be subject to a civil

11 penalty as follows: (1) For any violation, fifty dollars ($50) for each underpaid employee for

each pay period for which the employee was underpaid in addition to an amount sufficient to

12 recover underpaid wages;  (2) For each subsequent violation, one hundred dollars ($100) for

13 each underpaid employee for each pay period for which the employee was underpaid in addition

14 to an amount sufficient to recover underpaid wages; and (3) Wages recovered pursuant to this

15 section shall be paid to the affected employee."  Labor Code § 558(c) provides "the civil

penalties provided for in this section are in addition to any other civil or criminal penalty

16 provided by law."

17   103. As set forth above, Defendants have violated numerous provisions of the Labor

Code regulating hours and days of work as well as the IWC Wage Orders.  Accordingly, Plaintiff

18 seeks the remedies set forth in Labor Code § 558 for herself, the underpaid employees, and the

19 State of California.

20   104. Plaintiff is an "aggrieved employee" because she was employed by the alleged

violator and had one or more of the alleged violations committed against her, and therefore is

21

23

1    properly suited to represent the interests of all other aggrieved employees.

2        105.    Plaintiff has exhausted the procedural requirements under Labor Code § 2699.3

3    and is therefore able to pursue a claim for penalties on behalf of herself and all other aggrieved

     employees under PAGA.

4        106.    Pursuant to Labor Code §§ 2699(a), 2699.3 and 2699.5, Plaintiff is entitled to

5    recover civil penalties, in addition to other remedies, for violations of the Labor Code

6    sections cited above.

         107.    For bringing this action, Plaintiff is entitled to attorney's fees and costs incurred

7    herein.

8    **PRAYER**

9        WHEREFORE, Plaintiff prays for judgment against each Defendant, jointly and

10   severally, as follows:

11       1.    Certification of the case as a class action pursuant to California Code of Civil

     Procedure § 382;

12       2.    Appointment of Plaintiff as the Class Representative and Plaintiff's counsel as

13   Class Counsel;

14       3.    Temporarily, preliminarily and permanently enjoining and restraining

     Defendants from engaging in similar unlawful conduct as set forth herein;

15       4.    Requiring Defendants to correctly calculate and pay all wages and all sums

16   unlawfully withheld from compensation due to Plaintiff and the other Class Members;

17       5.    Damages for minimum wages;

         6.    Liquidated damages for unpaid minimum wages;

18       7.    Damages for premium wages;

19       8.    Damages for unpaid overtime wages under Labor Code §1194;

20       9.    Compensatory damages, according to proof at trial, including unpaid wages and

21   overtime compensation due Plaintiff and the Class Members, during the Class Period, plus

22

23   **CLASS ACTION COMPLAINT FOR DAMAGES**

1   interest thereon at the statutory rate;

2       10.    Damages for unpaid wages for missed meal periods under Labor Code §226.7;

    11.    Damages for unpaid wages for missed rest periods under Labor Code §226.7;

3       12.    Actual damages or penalties pursuant to Cal. Lab. Code § 226;

4       13.    Penalties pursuant to Cal. Lab. Code § 203

5       14.    For all penalties provided by Labor Code §2699(a)-(f)

6       15.    Restitution under Business and Professions Code §17203;

7       16.    For equitable relief in the nature of declaratory relief, restitution of all monies due

8   to Plaintiffs and Class Members, disgorgement of profits from unlawful business practices of Defendants, and an accounting;

9       17.    Disgorgement of Defendants' ill-gotten gains into a fluid fund for restitution of

10   sums incidental to Defendants' violations due to Plaintiff and to the Class Members according to proof.

11       18.    An award of attorneys' fees costs of suit, as allowable under the law; and

12       19.    An award of interest, including prejudgment interest at the legal rate;

13       20.    Such other and further relief as the Court deems just and equitable.

14   **DEMAND FOR JURY TRIAL**

15   Plaintiff hereby demand a jury trial as provided by § 631 of the California Code of

16   Civil Procedure.

Dated: February 12, 2024         **LAW OFFICES OF MORRIS NAZARIAN**

17

*Morris Nazarian*

18   Morris Nazarian, Esq.
Attorney for Plaintiff,

19   **TRACY WOODS**

20

21

22   - 28 -

**CLASS ACTION COMPLAINT FOR DAMAGES**

23

# EXHIBIT B

**Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
03/06/2024
CT Log Number 545917442

## Service of Process Transmittal Summary

**TO:**     Donna Harris, Partner
            Sheppard Mullin
            700 LOUISIANA ST STE 2750
            HOUSTON, TX 77002-2791

**RE:**     **Process Served in California**

**FOR:**    Coach USA  (Assumed Name)  (Domestic State: FL)
            Pacific Coast Sightseeing Tours & Charters, Inc. (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: TRACY WOODS, on behalf of herself and a class of others similarly situated // To: Pacific Coast Sightseeing Tours & Charters, Inc. |
| **CASE #:** | BCV24100494 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 03/06/2024 at 12:47 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Donna Harris  dharris@sheppardmullin.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 330 N BRAND BLVD |
| | STE 700 |
| | GLENDALE, CA 91203 |
| | 866-401-8252 |
| | LargeCorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

**CT Corporation**
**Service of Process Notification**
03/06/2024
CT Log Number 545917450

## Service of Process Transmittal Summary

**TO:**  Donna Harris, Partner
Sheppard Mullin
700 LOUISIANA ST STE 2750
HOUSTON, TX 77002-2791

**RE:**  **Process Served in California**

**FOR:**  Megabus West, LLC  (Domestic State: NE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: TRACY WOODS, on behalf of herself and a class of others similarly situated // To: Megabus West, LLC |
| **CASE #:** | BCV24100494 |
| **NATURE OF ACTION:** | Employee Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 03/06/2024 at 12:47 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Donna Harris  dharris@sheppardmullin.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 330 N BRAND BLVD |
| | STE 700 |
| | GLENDALE, CA 91203 |
| | 866-401-8252 |
| | LargeCorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

**Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
03/06/2024
CT Log Number 545917441

## Service of Process Transmittal Summary

**TO:**     Donna Harris, Partner
Sheppard Mullin
700 LOUISIANA ST STE 2750
HOUSTON, TX 77002-2791

**RE:**     **Process Served in California**

**FOR:**    Pacific Coast Sightseeing Tours & Charters, Inc.  (Domestic State: FL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: TRACY WOODS, on behalf of herself and a class of others similarly situated // To: Pacific Coast Sightseeing Tours & Charters, Inc. |
| **CASE #:** | BCV24100494 |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 03/06/2024 at 12:47 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Donna Harris  dharris@sheppardmullin.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 330 N BRAND BLVD |
| | STE 700 |
| | GLENDALE, CA 91203 |
| | 866-401-8252 |
| | LargeCorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 1 of  1

# EXHIBIT C

| | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF KERN**<br>BAKERSFIELD COURT<br>1215 TRUXTUN AVENUE<br>BAKERSFIELD CA  93301 | FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF KERN<br><br>FEBRUARY 14, 2024<br>BY *Julia Barrera* DEPUTY |

| PLAINTIFF/PETITIONER:<br>   TRACY  WOODS<br>     TRACY WOODS, ON BEHALF OF A CLASS OF OTHERS<br>   SIMILARLY SITUATED<br>DEFENDANT/RESPONDENT:<br>   PACIFIC COAST SIGHTSEEING TOURS & CHARTERS INC, A<br>   FLORIDA CORPORATION<br>    COACH USA, INC.<br>    MEGABUS WEST, LLC, A NEBRASKA COMPANY | |
|---|---|
| **NOTICE OF ASSIGNMENT TO JUDGE FOR ALL PURPOSES AND**<br>**NOTICE OF ORDER TO SHOW CAUSE RE CRC RULE 3.110 AND**<br>**NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br><br>BCV-24-100494 |

By order of the presiding judge, the above entitled case is assigned to the Honorable Bernard C. Barmann, Jr for all purposes. It will be managed on the direct calendar program in Bakersfield Division H until its conclusion. Peremptory challenges, if any, must be made within the times set out in CCP §170.6.

**TO PLAINTIFF AND PLAINTIFF'S COUNSEL:**
You are ordered to appear on **May 29, 2024** in **Bakersfield Division H** at **8:30 AM** to give any legal reason why sanctions shall not be imposed for failure to serve the complaint on all named defendants and file proof(s) of service with the court within sixty (60) days after the filing of the complaint pursuant to California Rules of Court, Rule 3.110.  All appearances are mandatory, unless the court receives the required proof(s) of service five (5) court days prior to the hearing date, and then no appearance is necessary.

**TO EACH PARTY AND THEIR RESPECTIVE ATTORNEY(S) OF RECORD:**
This case is set for Case Management Conference, by the Honorable Bernard C. Barmann, Jr on **August 12, 2024** at **8:30 AM** in **Bakersfield Division H**.  Case management statements are to be filed at least fifteen (15) days prior to the conference in accordance with California Rules of Court, Rules 3.720 – 3.730.  All parties shall comply with California Rules of Court, Rules 3.720 – 3.730.

### NOTICE TO PLAINTIFF'S COUNSEL
**IMPORTANT:**  You are required to serve this Notice of Assignment and Notice of Order to Show Cause Date and Notice of Case Management Conference Date with the Summons, Complaint [Local Rule 3.7(a)], Alternative Dispute Resolution (ADR) Information Packet, and ADR Stipulation and Order Form  ( California Rules of Court, Rule 3.221).

### NOTICE TO CROSS COMPLAINANT'S COUNSEL
**IMPORTANT:**  If you are bringing a cross complaint against new parties, you are, likewise, required to serve this Notice of Assignment pursuant to California Rules of Court, Rule 3.110 and Notice of Order to Show Cause date and Notice of Case Management Conference date on the new cross defendants.

**TARA LEAL**
CLERK OF THE SUPERIOR COURT

Date:  February 14, 2024

By: _____

Signed: 2/14/2024 10:45:58 AM

Julia Barrera, Deputy Clerk

WOODS ET AL VS PACIFIC COAST SIGHTSEEING TOURS & CHARTERS INC, A FLORIDA CORPORATION
ET AL
BCV-24-100494

The Clerk of the Superior Court's office has received a civil complaint from you for filing.  Pursuant to the Trial Court Delay Reduction Act, your case has been assigned to the Honorable Bernard C. Barmann, Jr as monitoring judge.

Judge Bernard C. Barmann, Jr has instituted a direct calendaring system for all cases assigned to him/her as the monitoring judge.

All law and motion, case management and trial setting conferences, ex parte matters and trials will be scheduled before him/her in Bakersfield Division H.

Law & Motion and Ex-Parte hearing dates must be pre-cleared by contacting the Direct Calendaring Clerk at 661-610-6460.  Tentative rulings are not provided in advance of the hearing.

At the time of filing the complaint, plaintiff's counsel will be given a Notice of Case Management Conference which sets a conference approximately one hundred eighty (180) days after filing of the complaint.  This notice must be served with the summons and complaint on all defendants. Defendants must serve the notice on all cross-defendants named.  The notice must also be served on interveners and lien claimants.

Pursuant to Local Rule 3.2.1. a party wishing to appear remotely in any civil proceeding other than an evidentiary hearing or trial, including conferences and law and motion hearings, is permitted to appear via Zoom without advance notice to the court or other parties. By appearing remotely those persons will be deemed to have requested a remote appearance. Instructions for accessing the court's Zoom account can be found on the court's website. Each judicial officer retains the discretion to require a party to appear in person at a conference, hearing, or proceeding, as authorized by Code of Civil Procedure section 367.75. Remote proceedings for evidentiary hearings or trials in all divisions shall be noticed and conducted as authorized by Code of Civil Procedure section 367.75 and California Rules of Court, rule 3.672.

Telephonic appearances for case management conferences and law and motion hearings are available through Court Call. The toll free telephone number for Court Call is (888) 88-COURT.  Proper procedures must be complied with under California Rules of Court, Rule 3.670.  Arrangements to make appearances through Court Call must be made at least five (5) court days prior to the hearing date.

The Court does not provide court reporters for civil matters. Parties wishing to have a matter reported must provide their own reporter. The court maintains a list of pre-approved official reporters pro tem. Your preferred reporter can be added to this list. Information regarding the court's list is on the court's website.

Another judge will hear settlement conferences in cases assigned to Judge Bernard C. Barmann, Jr.  However, those cases that do not settle will be set for trial before him/her.

### SUPERIOR COURT OF CALIFORNIA
### COUNTY OF KERN
### SPECIAL RULES RELATING TO CASE MANAGEMENT CONFERENCES

At least fifteen (15) days prior to the case management conference, each party shall prepare, file and serve on each other party a case management conference statement providing the Court with the following information:

1. The "at-issue" status of the case including any new parties that may be contemplated;
2. A brief statement of the type of case and the general facts or contentions;
3. A description of the discovery done to date and that contemplated to be done;
4. Estimated time for trial and whether a jury is demanded;
5. Whether or not the case is entitled to priority in trial setting and if so, the legal authority thereof;
6. An evaluation of the case for alternative dispute resolution, including arbitration (judicial or binding), mediation or private judge handling;
7. If a person injury action, a description of the injuries sustained by each plaintiff and the elements of claimed damage;
8. A statement of any settlement negotiations undertaken thus far;
9. The name of the attorney primary responsible for the case on behalf of the party filing the statement.

More than one party may join in the filing of a single statement.

The case management conference shall be attended by the attorney primarily responsible for the case on behalf of each party or a member of his or her firm or counsel formally associated in the case.  The attorney attending shall be thoroughly familiar with the case, and be able to engage in meaningful discussions with court and counsel, and to enter into agreements on behalf of his or her client on the following subjects:

1. The "at-issue" status of the case including the dismissal of the unnamed doe defendants or cross-defendants by agreement of all parties;
2. Discovery conducted and remaining to be done;
3. Amenability of the case to alternative dispute resolution including, but no limited to, arbitration (judicial or binding), mediation, and private judge handling.
4. Delineation of issues including stipulation of facts not in substantial controversy;
5. Settlement prospects;
6. Setting the matter for trial, pre-trial conferences, settlement conference or further case management conference;
7. Any other matters relevant to the processing of the case to a final resolution.

Any violation of these rules shall result in the imposition of substantial sanctions which may include monetary, issue, termination, or other appropriate sanctions.

WOODS ET AL VS PACIFIC COAST SIGHTSEEING TOURS & CHARTERS INC, A FLORIDA CORPORATION
ET AL
BCV-24-100494

## CERTIFICATE OF POSTING

The undersigned, of said Kern County, certify:  That I am a Deputy Clerk of the Superior Court of the State of California, in and for the County of Kern, that I am a citizen of the United States, over 18 years of age, I reside in or am employed in the County of Kern, and not a party to the within action, that I served the ***Notice of Assignment/Notice of Order to Show Cause Re CRC 3.110/Notice of Case Management Conference*** attached hereto on all interested parties and any respective counsel of record in the within action by posting true copies thereof,  to the Superior Court of California, County of Kern, Non-Criminal Case Information Portal (https://www.kern.courts.ca.gov).


Date of Posting:          February 14, 2024

Place of Posting:         Bakersfield, CA

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.


                                        **TARA LEAL**
                                        CLERK OF THE SUPERIOR COURT

Date:  February 14, 2024                Signed: 2/14/2024 10:45:58 AM

                          By:    _____
                                        Julia Barrera, Deputy Clerk


Certificate of Posting - Notice of Assignment/Notice of Order to Show Cause Re CRC 3.110/Notice of Case Management Conference

Page **4** of **4**

# EXHIBIT D

1  GABRIEL M. HUEY, Bar No. 291608
   Gabriel.Huey@klgates.com
2  K&L GATES LLP
   10100 Santa Monica Blvd.
3  8th Floor
   Los Angeles, CA  90067
4  Telephone:    310.552.5000
   Fax No.:      310.552.5001
5

6

7   Attorney for Defendants,
   PACIFIC COAST SIGHTSEEING TOURS &
8  CHARTERS, INC., COACH USA, INC. AND
   MEGABUS WEST, LLC
9
                SUPERIOR COURT OF THE STATE OF CALIFORNIA
10
                              COUNTY OF KERN
11

12
   TRACY WOODS, individually and on behalf of      Case No. BCV-24-100494
13 others similarly situated,
                                                   **DEFENDANTS' ANSWER TO**
14              Plaintiff,                          **UNVERIFIED CLASS ACTION**
                                                   **COMPLAINT FOR DAMAGES**
15         vs.
                                                   UNLIMITED JURISDICTION
16 PACIFIC COAST SIGHTSEEING TOURS &
   CHARTERS, INC., COACH USA, INC.,                Assigned for all purposes to the
17 MEGABUS WEST, LLC, and DOES 1 through           Honorable Bernard C. Barmann
   25, inclusive,
18                                                 Dept:        12
                Defendants.
19                                                 Complaint Filed:   February 13, 2024
                                                   Trial Date:        TBD
20

21

22

23

24

25

26

27

28
   506531816.1

                                        1                    **RECYCLED PAPER**

1    Defendants Pacific Coast Sightseeing Tours & Charters, Inc., Coach USA, Inc., and

2    Megabus West, LLC hereby answer Plaintiff Tracy Woods ("Plaintiff" or "Woods") unverified

3    Complaint for Damages (the "Complaint"), as follows:

4    **GENERAL DENIAL**

5    Pursuant to California Code of Civil Procedure section 431.30(d), Defendants deny

6    generally each and every allegation in the Complaint. Defendants further deny that Plaintiff is

7    entitled to equitable or injunctive relief, compensatory damages, economic and/or special damages,

8    unpaid wages, punitive damages, penalties, restitution, interest, attorneys' fees, costs of suit, or any

9    other relief of any kind whatsoever.

10    **DEFENSES**

11    Defendants further assert the following defenses. By asserting these defenses, Defendants

12    do not concede that they have the burden of production or proof as to any defense asserted below.

13    Moreover, Defendants do not presently know all the facts concerning the conduct of Plaintiff

14    sufficient to state all defenses at this time. Accordingly, Defendants will seek leave to amend this

15    Answer should they later discover facts demonstrating the existence of additional defenses.

16    **FIRST DEFENSE**

17    **(Binding Arbitration Agreement)**

18    1.    Defendants allege that the Complaint is barred, in whole or in part, because Plaintiff

19    and/or some or all of the members of the putative class and/or alleged aggrieved employees that

20    Plaintiff seeks to represent have entered into agreement(s) to submit their claims against Defendant,

21    including claims for California Labor Code violations and for California Private Attorneys' General

22    Act ("PAGA") penalties, to final and binding arbitration.

23    **SECOND DEFENSE**

24    **(Failure to State a Claim)**

25    2.    The Complaint, and each cause of action set forth therein, or some of them, is barred

26    because it fails to state a claim upon which relief may be granted.

27

28

2

**RECYCLED PAPER**

**THIRD DEFENSE**

**(Waiver)**

3.      Defendants allege that any recovery of Plaintiff's Complaint is barred, in whole or in part, to the extent that Plaintiff, the members of the putative class, and/or the alleged aggrieved employees, by reason of their acts, conduct, and/or omissions, have waived or released their rights, if any, to obtain the relief sought in the Complaint, including, *inter alia*, by contract and/or were provided and/or authorized and permitted to take meal and/or rest breaks but declined to take breaks.

**FOURTH DEFENSE**

**(Statute of Limitations)**

4.      The Complaint and each purported cause of action therein is barred by the applicable statues of limitations, including, but not limited to, Civil Procedure sections 338(a), 340(a) and 343, California Labor Code section 203(b), California Business and Professions Code section 17208, and the California Private Attorneys' General Act.

**FIFTH DEFENSE**

**(Plaintiff's Breach of Duties)**

5.      Defendants are informed and believe that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that Plaintiff's claims are barred, in whole or in part, by Plaintiff's, the putative class members', and/or the aggrieved employees' own breach of the duties owed to Defendants pursuant to California Labor Code sections 2854-2859.

**SIXTH DEFENSE**

**(Lack of Standing)**

6.      The Complaint, and each cause of action set forth therein, or some of them, is barred because the named Plaintiff lacks standing as a representative of the proposed class and aggrieved employees and does not adequately represent the putative class members and aggrieved employees.

**SEVENTH DEFENSE**

**(Class Action Status – Unconstitutional)**

7.      The Complaint, and each cause of action set forth therein, or some of them, is barred

**RECYCLED PAPER**

ANSWER TO UNVERIFIED CLASS ACTION COMPLAINT FOR DAMAGES – CASE NO. BCV24100494

1    because certification of a class, as applied to the facts and circumstances of this case, would

2    constitute a denial of Defendants' due process rights, both substantive and procedural, in violation

3    of the Fourteenth Amendment to the United States Constitution and the California Constitution

4    and/or a denial of Defendants' equal protection.

**EIGHTH DEFENSE**

**(Class Action Status – Lack of Manageability)**

8.    Even if Defendants are "employers," the Complaint, and each cause of action set

forth therein, or some of them, is barred because of difficulties likely to be encountered that render

the action unmanageable.

**NINTH DEFENSE**

**(Class Action Status – No Damages)**

9.    The Complaint, and each cause of action set forth therein, or some of them, is barred

because this case cannot be tried on a representative basis or with the use of statistical sampling

consistent with due process because the use of representative evidence or statistical sampling would

result in damages being awarded to those who have suffered no injury and have no legal right to

damages.

**TENTH DEFENSE**

**(Equitable Defenses)**

10.    Any recovery on the Complaint is barred, in whole or in part, to the extent that

Plaintiff's, the alleged putative class members', and/or the aggrieved employees' claims are

estopped, barred by laches, or barred by unclean hands.

**ELEVENTH DEFENSE**

**(Uncertain)**

11.    Any recovery on Plaintiff's Complaint is barred, in whole or in part, because

Plaintiff's, the alleged putative class members', and/or the aggrieved employees' Complaint and

theories of liability are uncertain.

**RECYCLED PAPER**

1

**TWELFTH DEFENSE**

2

**(Consent)**

3   12.   The Complaint and each cause of action alleged therein are barred by the doctrine

4   of consent.

5

**THIRTEENTH DEFENSE**

6

**(Good Faith)**

7   13.   The Complaint, in whole or in part, is barred to the extent that any violation of the

8   Labor Code or an order of the Industrial Welfare Commission was an act or omission made in good

9   faith, and Defendants had reasonable grounds for believing that the act or omission was not a

10   violation of the Labor Code or any order of the Industrial Welfare Commission and that,

11   accordingly, they did not willfully or intentionally fail to pay additional compensation to Plaintiff,

12   any alleged putative class member, and/or any alleged aggrieved employee, and no waiting time

13   penalties should be awarded to them for any violation thereof that may be found to exist.

14

**FOURTEENTH DEFENSE**

15

**(Business Necessity)**

16   14.   The Complaint is barred, in whole or in part, to the extent the conduct taken by

17   Defendants toward Plaintiff, the putative class members, and/or the alleged aggrieved employees

18   was for lawful business reasons and by reason of business necessity.

19

**FIFTEENTH DEFENSE**

20

**(Injury Resulted From Act or Omission of Plaintiff and/or the Putative Class)**

21   15.   The Complaint, is barred, in whole or in part, because the alleged losses or harms

22   sustained by Plaintiff, the putative class members, and/or the alleged aggrieved employees, if any,

23   resulted from the acts or omissions of Plaintiff and/or the putative class, and/or was proximately

24   caused by the actions or inactions of Plaintiff and/or the putative class.

25

**SIXTEENTH DEFENSE**

26

**(Breach of Duties)**

27   16.   The Complaint and each cause of action set forth therein is barred by Plaintiff, the

28   putative class members', and/or the alleged aggrieved employees' own breach of duties owed to

**RECYCLED PAPER**

1  Defendants under California Labor Code sections 2853, 2854, and/or 2856-2859, because, *inter*

2  *alia*, based on information and belief, they affirmatively indicated they received meal and rest

3  breaks and were compensated for all time worked and/or otherwise failed to report claims upon

4  which the Complaint is asserted.

5  **SEVENTEENTH DEFENSE**

6  **(Failed to Comply with Policy)**

7  17.     The Complaint is barred, in whole or in part, to the extent Plaintiff, the putative class

8  members, and/or the alleged aggrieved employees failed to comply with Defendants' policies or

9  instructions and such failure proximately caused their alleged damages, if any.

10  **EIGHTEENTH DEFENSE**

11  **(Failure to Take Breaks Provided)**

12  18.     Assuming *arguendo* that Plaintiff, the putative class members, and/or the alleged

13  aggrieved employees she seeks to represent were entitled to meal and/or rest breaks, they have no

14  right to a premium payment under California Labor Code section 226.7 because they (1) failed to

15  take breaks that were provided to them in compliance with California law, (2) chose not to take the

16  breaks that were authorized and permitted, (3) chose not to take breaks without permission or the

17  actual or constructive knowledge of Defendants, or (4) waived their right to meal breaks under

18  California Labor Code section 512(a).

19  **NINETEENTH DEFENSE**

20  **(Labor Code Sections 201 and 202 – Good Faith Dispute)**

21  19.     The Complaint fails to state a claim for penalties under the California Labor Code

22  because (1) there are bona fide good faith disputes as to whether further compensation is due to

23  Plaintiff, the putative class members, and/or the alleged aggrieved employees, and if so, as to the

24  amount of such further compensation; (2) Defendants have not willfully failed to pay such

25  additional compensation, if any is owed; and (3) to impose penalties in this case would be

26  inequitable and unjust.

27

28

6

**RECYCLED PAPER**

**TWENTIETH DEFENSE**

**(Labor Code Section 203 – No Willful or Intentional Violation)**

20.     The Complaint fails to state a claim for penalties under California Labor Code section 203 because Defendants did not willfully or intentionally violate Labor Code sections 201 or 202.

**TWENTY-FIRST DEFENSE**

**(Waiting Time Penalties – Statute of Limitations)**

21.     Any claims for penalties pursuant to Labor Code section 203 are barred, in whole or in part, by the statute of limitations, as any claim stopped accruing upon the filing of the Complaint.

**TWENTY-SECOND DEFENSE**

**(No Injury or Standing for Wage Statement Claim)**

22.     Even if Defendants failed to provide Plaintiff, the putative class members, and/or the alleged aggrieved employees with accurate itemized wage statements, which Defendants deny, Plaintiff, the putative class members, and/or the alleged aggrieved employees did not suffer injury as a result of such failure and so lack standing to assert a claim under California Labor Code section 226.

**TWENTY-THIRD DEFENSE**

**(Wage Statements – Not Knowing or Intentional)**

23.     Any claims for penalties pursuant to California Labor Code section 226 are barred, in whole or in part, because Plaintiff, the putative class members, and/or the alleged aggrieved employees were not "injured" thereby and/or because Defendant's alleged failure to comply was not a "knowing and intentional failure" under California Labor Code section 226(e).

**TWENTY-FOURTH DEFENSE**

**(Section 17200 Unconstitutional)**

24.     The prosecution of a representative action on behalf of the general public under California Business and Professions Code section 17200, *et seq*., is unconstitutionally vague and overbroad and, as applied to the facts and circumstances of this case, would constitute a denial of

7

Defendants' due process rights, both substantive and procedural, and right to equal protection in violation of the California Constitution and the Fourteenth Amendment to the United States Constitution, in that it would prevent Defendants from raising individual defenses against each putative class member.

**TWENTY-FIFTH DEFENSE**

**(Adequate Remedy at Law)**

25.     Plaintiff's claim for injunctive relief is barred because Plaintiff has an adequate and complete remedy at law.

**TWENTY-SIXTH DEFENSE**

**(No Standing for Unfair Business Practices Claim)**

26.     The sixth cause of action fails to the extent that Plaintiff lacks standing as a representative of a purported class under California Business and Professions Code section 17204.

**TWENTY-SEVENTH DEFENSE**

**(De Minimis)**

27.     Some or all of the wages purportedly owed to Plaintiff, the putative class members, and/or the alleged aggrieved employees, and which Plaintiff seeks to recover, is for time that is not compensable pursuant to the doctrine of *de minimis non curat lex*.

**TWENTY-EIGHTH DEFENSE**

**(Res Judicata and Collateral Estoppel)**

28.     The Complaint is barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel, to the extent that Plaintiff, the putative class members, the alleged aggrieved employees, or other putative beneficiary of this action has asserted in prior legal or administrative proceedings, either as an individual, member of a class, or aggrieved employee, that he or she was denied meal or rest breaks, entitled to payment for minimum wages, overtime wages, business expenses, penalties or damages under California Labor Code sections 200, 201, 202, 203, 204, 208, 210, 218.6, 221, 226, 226.3, 226.7, 510, 512, 558, 1194, 1197, or 1198 and did not prevail on such claim.

RECYCLED PAPER

ANSWER TO UNVERIFIED CLASS ACTION COMPLAINT FOR DAMAGES – CASE NO. BCV24100494

**TWENTY-NINTH DEFENSE**

**(Offset)**

29.     To the extent Plaintiff or the putative class members are entitled to any additional compensation, such additional compensation must be offset by the amount of any compensation and/or other monies Plaintiff, the putative class members, and/or alleged aggrieved employees received from Defendants, at any time, in excess of the amount of compensation to which they were legally entitled for work performed.

**THIRTIETH DEFENSE**

**(Compromise and Release)**

30.     The Complaint is barred, in whole or in part, to the extent Plaintiff, the putative class members, and/or the aggrieved employees knowingly and voluntarily settled, compromised, and release claims alleged in this lawsuit.

**THIRTY-FIRST DEFENSE**

**(Release)**

31.     The Complaint is barred by waiver and release to the extent that Plaintiff, any putative class members, and/or any alleged aggrieved employees have released or will release Defendants from liability for such claims asserted in the Complaint prior to adjudication of those claims.

**THIRTY-SECOND DEFENSE**

**(Unjust Enrichment)**

32.     The Complaint is barred, in whole or in part, by the doctrine of unjust enrichment.

**THIRTY-THIRD DEFENSE**

**(Claims Unconstitutionally Vague and Ambiguous)**

33.     The Complaint, and each cause of action set forth therein, or some of them, is barred because the applicable Labor Code sections, Wage Orders of the Industrial Welfare Commission, and/or California Business and Professions Code sections 17200 *et seq.*, are unconstitutionally vague and ambiguous and violate Defendants' rights under the United States Constitution and the California Constitution as to, among other things, due process of law.

9

**RECYCLED PAPER**

**THIRTY-FOURTH DEFENSE**

**(Lack of Standing to Recover Penalties)**

34.      Plaintiff lacks standing to bring this action for, and the court lacks jurisdiction to award, certain of the civil and statutory penalties sought in the Complaint, as such penalties may only be imposed in a proceeding brought by the California Labor Commissioner.

**THIRTY-FIFTH DEFENSE**

**(Excessive Fines)**

35.      Defendants allege that an award of civil penalties in this case would result in the imposition of excessive fines in violation of the Eighth Amendment to the United States Constitution and Article I, Section 7 of the California Constitution, and violate Defendants' Due Process rights under the Fourteenth Amendment of the United States Constitution.  *See Cooper Industries, Inc. v. Leatherman Tool Group., Inc*., 532 U.S. 424, 433-434 (2001) (stating that the Due Process of the Fourteenth Amendment prohibits states from imposing grossly excessive punishments); *City of San Francisco v. Sainez*, 77 Cal. App. 4th 1302, 1321 (2000);  *Angelucci v. Century Supper Club*, 41 Cal. 4th 160, 180 (2007) (recognizing the constitutional constraints on the accrual of multiple penalties); *People ex rel. Lockyer v. R.J. Reynolds Tobacco Co*., 37 Cal. 4th 707, 728-31 (2005) (triable issues remained whether due process principles or the constitutional prohibition against excessive fines should reduce an accrued fine for ongoing violation of a statute); *Hale v. Morgan*, 22 Cal. 3d 388, 398-99 (1978) (constitutional provisions limited accrual of a $100 per day statutory penalty).

**THIRTY-SIXTH DEFENSE**

**(No Prejudgment Interest)**

36.      The Complaint fails, in whole or in part, to properly state a claim upon which prejudgment interest may be awarded, as the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

**THIRTY-SEVENTH DEFENSE**

**(No Attorneys' Fees)**

37.      The Complaint fails, in whole or in part, to state a claim for which attorneys' fees

10

1 | and costs may be granted.

## THIRTY-EIGHTH DEFENSE

### (No Knowledge, Authorization, or Ratification)

38.     Defendants are not liable for the alleged damages because, if any person or entity engaged in intentional, willful, or unlawful conduct as alleged in the Complaint, he/she/it did so without the knowledge, authorization, or ratification of Defendants.

## THIRTY-NINTH DEFENSE

### (PAGA Standing)

39.     Defendants allege that the claims fail to the extent that Plaintiff lacks standing to assert the legal rights or interests of others.

## FORTIETH DEFENSE

### (Substantial Compliance)

40.     Defendants allege that Plaintiff's, the putative class members, and/or the alleged aggrieved employees she seeks to represent, claim for damages or penalties fails because, to the extent – which Defendants deny – that they did not fully comply with the requirements of any particular California Labor Code provision, Defendants have complied with the requirements of such statute such that the imposition of damages or penalties would be improper.

## FORTY-FIRST DEFENSE

### (Accord and Satisfaction)

41.     Defendants allege that the Complaint and each cause of action asserted therein, in whole or in part, fails to the extent Plaintiff, the putative class members, and/or any alleged aggrieved employees have been fully paid all amounts legally owed to them by Defendants, since by accepting the payments made to them, Plaintiff, the putative class members, and/or the alleged aggrieved employees have effectuated an accord and satisfaction of their claims.

## FORTY-SECOND DEFENSE

### (Avoiding and/or Secreting)

42.     Defendants allege that the Complaint, and each and every alleged cause of action therein, or some of them, are barred to the extent that Plaintiff and/or some, or all, of the members

11

RECYCLED PAPER

1  of the putative class and/or aggrieved employees secreted or absented themselves or the work

2  purportedly performed without notice to Defendants, to avoid payment of wages, thereby relieving

3  Defendants of liability for penalties under the California Labor Code.

### FORTY-THIRD DEFENSE

### (Penalties Unconstitutional)

6  43.   To the extent Plaintiff, the members of the putative class, and/or the alleged

7  aggrieved employees seek penalties, such claims violate the Fifth, Eighth and Fourteenth

8  Amendments of the United States Constitution and also violate Article 1, sections 7 and 8 of the

9  California Constitution, including the prohibition against excessive fines. *See State Farm Mutual*

10 *Insurance Company v. Campbell*, 538 U.S. 408 (2003).

### FORTY-FOURTH DEFENSE

### (Failure to Mitigate)

13 44.   Defendants allege that Plaintiff, the members of the putative class, and/or the

14 aggrieved employees have failed to mitigate or avoid any and all damages/California Labor Code

15 violations allegedly caused by Defendants, the existence of which Defendants deny.  Any damages

16 that may be recoverable by Plaintiff, the members of the putative class, and/or the alleged aggrieved

17 employees should therefore be denied or reduced accordingly.

### FORTY-FIFTH DEFENSE

### (PAGA Claims Not Suitable For Litigation on Representative Basis)

20 45.   Defendants allege Plaintiff, the members of the putative class, and/or any alleged

21 aggrieved employees' purported claims are such that they cannot be tried on a representative PAGA

22 basis because (1) such a determination requires complex factual issues, (2) penalties could not be

23 calculated on a representative basis, (3) any penalties that might be proved would not be identical

24 for all alleged aggrieved current or former employees, (4) trying such a representative action would

25 be unmanageable (*see Wesson v. Staples The Office Superstore, LLC*, 68 Cal.App.5th 746 (2021);

26 *Williams v. The Superior Court of Los Angeles County*, 3 Cal.5th 531, 559 (2017) (recognizing the

27 requirement of manageability in PAGA cases)), and (5) would be contrary to the legislative intent

28 of PAGA.

12

**RECYCLED PAPER**

1

**FORTY-SIXTH DEFENSE**

2

**(Employees Not Aggrieved)**

3      46.      Defendants allege that Plaintiff and/or the employees whom Plaintiff seeks to

4   represent are not "aggrieved" employees as required under PAGA.  Plaintiff has not made an

5   adequate showing that they suffered or were eligible to recover under each of the causes of action

6   alleged in the Complaint.

7

**FORTY-SEVENTH DEFENSE**

8

**(Failure to Exhaust PAGA Prerequisites)**

9      47.      Defendants allege that Plaintiff failed to provide the Labor Workforce Development

10   Agency ("LWDA") proper notification of the claims and/or the names of the "aggrieved

11   employees" on whose behalf they intend to seek penalties, pursuant to the Labor Code Private

12   Attorneys' General Act, Labor Code sections 2698, *et seq*.  Plaintiff's notice to the LWDA consists

13   of recitations of the law but insufficient facts to support their allegations of violations of the law.

14   Defendants thus allege that Plaintiff failed to properly exhaust all administrative remedies and

15   satisfy the prerequisites of PAGA, which are required prior to filing a civil lawsuit.

16

**FORTY-EIGHTH DEFENSE**

17

**((PAGA Violates Due Process Rights As Applied to This Case)**

18      48.      Defendants allege that under the PAGA, determination/litigation of Plaintiff's

19   claims on a representative basis would deny Defendants their due process right to present individual

20   evidence, argument, and defenses as to each individual alleged aggrieved employee.  Defendants

21   assert that PAGA, both in general and as applied to this case, violate Defendants' due process rights,

22   both procedural and substantive, in violation of the Fourteenth Amendment of the United States

23   and California Constitutions.  *See, e.g., State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408

24   (2003); *People ex rel Lockyer v. R.J. Reynolds Tobacco Co*., 37 Cal. 4th 707 (2005).  Plaintiff must

25   first establish that the claims or defenses of Plaintiff are typical of the claims or defenses of the

26   other employees Plaintiff purports to represent, and/or must first establish that there are common

27   questions of law and fact as to all of the employees whom Plaintiff purports to represent.

28

**RECYCLED PAPER**

1

**FORTY-NINTH DEFENSE**

2

**(PAGA Unconstitutional As Applied to This Case)**

3        49.    Defendants allege that the Seventh Cause of Action in the Complaint is barred, in

4   whole or in part, because PAGA both in general and as applied to this case, violates the Equal

5   Protection Clause of the United States and California Constitutions, the Supremacy Clause of the

6   United States Constitution, and the separation of powers doctrine and, as such, is unconstitutional.

7

**FIFTIETH DEFENSE**

8

**(PAGA Unconstitutionally Vague and Overbroad As Applied to This Case)**

9        50.    Defendants allege that the Seventh Cause of Action in the Complaint is barred, in

10  whole or in part, because PAGA is unconstitutionally vague and overbroad as applied to the facts

11  and circumstances of this case.

12

**FIFTY-FIRST DEFENSE**

13

**(Limitations on Recovery of Civil Penalties Under PAGA)**

14       51.    Defendants allege that the civil penalties sought by Plaintiff for alleged Labor Code

15  violations occurring after the date of the "written notice" provided by Plaintiff to the Labor

16  Workforce Development Agency ("LWDA") pursuant to Labor Code section 2699.3 are barred

17  because representative PAGA actions by private attorneys general Plaintiff is limited to the

18  recovery of civil penalties arising from the "specific provisions of [the Labor Code] alleged to have

19  been violated, including the facts and theories to support the alleged violation" as disclosed in

20  writing to the LWDA in accordance with Labor Code section 2699.3.

21

**FIFTY-SECOND DEFENSE**

22

**(Avoidable Consequences)**

23       52.    Defendants allege that Plaintiff, the putative class members, and the alleged

24  aggrieved employees are barred from recovering any penalties, or any penalties must be reduced,

25  pursuant to the avoidable consequences doctrine and/or the discretion of the Court because

26  Defendants took reasonable steps to ensure they were properly compensated for all time worked

27  including good faith compliance with California law, and Plaintiff, the putative class members, and

28  the alleged aggrieved employees unreasonably failed to use preventative and corrective

14

**RECYCLED PAPER**

1    opportunities provided to them to clear up any purported misunderstanding of their wage

2    statements, and reasonable use of such procedures would have prevented at least some, if not all,

3    of the harm allegedly suffered.

4                                    **FIFTY-THIRD DEFENSE**

5                                    **(Not "Hours Worked")**

6            53.    Defendants are informed and believe that further investigation and discovery will

7    reveal, and on that basis alleges that some or all of certain alleged work hours are not "hours

8    worked" within the meaning of any Wage Order(s) of the California Industrial Welfare

9    Commission and/or under applicable California law, so that any claimed compensation, including

10   overtime premium, need not be paid for those hours.

11                                   **FIFTY-FOURTH DEFENSE**

12                                   **(Outside Scope of Employment)**

13           54.    Defendants allege that the Complaint and the causes of action set forth therein

14   cannot be maintained against Defendants, because, if employees of Defendants (including Plaintiff)

15   took the actions alleged, such actions were committed outside the course and scope of such

16   employees' employment, were not authorized, adopted or ratified by Defendants and Defendants

17   did not know of nor should they have known of such conduct.

18                                   **ADDITIONAL DEFENSES**

19           Defendants have insufficient information upon which to form a belief as to whether it may

20   have additional unstated affirmative defenses.  Defendants reserve the right to assert additional

21   affirmative defenses in the event discovery indicates they are appropriate.

22           WHEREFORE, Defendants pray that:

23           1.   Plaintiff takes nothing by her Complaint;

24           2.   The Complaint be dismissed, in its entirety, with prejudice;

25           3.   Defendants be awarded their attorneys' fees and costs of suit incurred herein; and

26           4.   The Court award Defendants such further relief as it deems just and proper.

27

28

**RECYCLED PAPER**

ANSWER TO UNVERIFIED CLASS ACTION COMPLAINT FOR DAMAGES – CASE NO. BCV24100494

1   Dated: April 5, 2024                          K&L GATES LLP

2

3                                                 By: _____

4                                                      Gabriel M. Huey

5                                                 Attorney for Defendants

6                                                 PACIFIC COAST SIGHTSEEING
                                                  TOURS & CHARTERS, INC., COACH
7                                                 USA, INC., AND MEGABUS WEST,
                                                  LLC
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**RECYCLED PAPER**

ANSWER TO UNVERIFIED CLASS ACTION COMPLAINT FOR DAMAGES – CASE NO. BCV24100494

1

## **PROOF OF SERVICE**

2
Case No. BCV24100494

3
STATE OF CALIFORNIA, COUNTY OF KERN

4
     I am employed in the county of Los Angeles, State of California.  I am over the age of 18
and not a party to the within action; my business address is K&L GATES LLP, 10100 Santa

5
Monica Boulevard, Eighth Floor, Los Angeles, California 90067.

6
     On **April 5, 2024**, I served the document(s) described as:

7

8
**DEFENDANTS PACIFIC COAST SIGHTSEEING TOURS & CHARTERS, INC., COACH
USA, INC., AND MEGABUS WEST, LLC ANSWER TO UNVERIFIED CLASS ACTION
COMPLAINT FOR DAMAGES**

9
on the person or person(s) below, as follows:

10
        Morris Nazarian

11
**LAW OFFICES OF MORRIS NAZARIAN**
    1875 Century Park East, Suite 1790        *Attorneys for Plaintiff*

12
    Los Angeles, California 90067           *Tracy Woods*
    Email: monazarian@yahoo.com

13

14
The documents were served by the following means:

15

16
☒    **MAIL:**  I placed for collection and processing such envelope(s) to be deposited in the mail
     at Los Angeles, California, with postage thereon fully prepaid to the office of the

17
     addressee(s) as indicated above.  I am "readily familiar" with this firm's practice of
     collection and processing correspondence for mailing.  It is deposited with the U.S. Postal

18
     Service on that same day, with postage fully prepaid, in the ordinary course of business
     herein attested to  (C.C.P. § 1013(a)).  I am aware that on motion of party served, service

19
     is presumed invalid if postal cancellation date or postage meter date is more than one day

20
     after the date of deposit for mailing in affidavit.

21
☒    **BY ELECTRONIC SERVICE**: by transmitting a true copy of the foregoing document(s)

22
     to the email-addresses set forth as stated above.

23
     I declare under penalty of perjury under the laws of the State of California that the above is
true and correct.

24
     Executed on **April 5, 2024**, at Los Angeles, California.

25

26

27
        Amy Portillo

28

17

**RECYCLED PAPER**